# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1993V
UNPUBLISHED

| | |
|---|---|
| RALPH M. PAVELKA,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: January 13, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Kate Gerayne Westad, Larkin Hoffman, Daly & Lindgren, Ltd., Minneapolis, MN, for petitioner.*

*Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

On December 20, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccination administered to him on January 6, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 21, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS.  On December 31, 2019, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $225,592.77, representing $3,012.64 for Petitioner's projected life care expenses, $215,289.26 for Petitioner's actual and projected pain and suffering, and $7,290.87 for

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner's past unreimbursable expenses.  Proffer at 1.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $225,592.77, representing $3,012.64 for Petitioner's projected life care expenses, $215,289.26 for Petitioner's actual and projected pain and suffering, and $7,290.87 for Petitioner's actual unreimbursable expenses in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RALPH M. PAVELKA, | ) |
| Petitioner, | ) No. 17-1993V<br>) Chief Special Master Corcoran<br>) ECF |
| v. | ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| Respondent. | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Compensation for Vaccine-Related Items:**

On March 21, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act.  On March 21, 2019, the Court issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his Guillain-Barré Syndrome ("GBS").  Respondent proffers that, based on the evidence of record, petitioner, Ralph M. Pavelka, should be awarded $225,592.77, which amount represents $3,012.64 in compensation for projected life care expenses, $215,289.26 in actual and projected pain and suffering, and $7,290.87 for past unreimbursable expenses.[1]  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

---

[1] This amount reflects that any award for projected life care expenses or projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(f)(4)(A).  This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

1

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $225,592.77 in the form of a check payable to petitioner, Ralph M. Pavelka.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/Glenn A. MacLeod*
GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4122

Dated:

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.